IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JESUS WIRICHAGA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DISMSSING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2)<br><br>Case No. 2:14-CR-517 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). For the reasons discussed below, the Court will dismiss the Motion for lack of jurisdiction.

## I. BACKGROUND

On October 8, 2014, Defendant was charged in an Indictment with conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, using and carrying a firearm during and in relation to drug trafficking crimes, being a felon in possession of a firearm, and illegal reentry. Defendant pleaded guilty to conspiracy to distribute methamphetamine and illegal reentry on February 2, 2015. In the plea agreement, the parties agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence of 180 months. Defendant was sentenced on May 5, 2015, to a sentence of 180 months in accordance with the plea agreement. Defendant now seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

1

## II. DISCUSSION

Section 3582(c)(2) provides that the Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[1] This statute "establishes a two-step inquiry."[2] First, the Court must consider whether a prisoner is eligible for a sentence modification under Sentencing Guideline § 1B1.10.[3] If so, the Court must determine whether a reduction is warranted after consideration of the factors set forth in 18 U.S.C. § 3553(a).[4]

Sentencing Guideline § 1B1.10 provides that a defendant may receive a reduction if the guideline range applicable to that defendant has subsequently been lowered by an amendment to the Guidelines Manual.[5] Defendant's Motion does not identify which Amendment he believes makes him eligible for a reduction. From the context of his Motion, however, it appears that Defendant is seeking relief under Amendment 782.

Amendment 782 "applies retroactively and reduces by two levels many of the base offense levels for drug offenses assigned by the drug-quantity table at USSG § 2D1.1(c)."[6] However, Amendment 782 became effective on November 1, 2014. As stated above, Defendant was sentenced after that date. The Court sentenced Defendant using the 2014 Guidelines Manual, which incorporated Amendment 782. Therefore, Defendant has already received all the

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Dillon v. United States*, 560 U.S. 817, 826 (2010).

[3] *Id.*

[4] *Id.*

[5] United States Sentencing Guideline ("USSG") § 1B1.10(a)(1).

[6] *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016).

benefit he could have received from that Amendment and is not eligible for relief under § 3582(c)(2).[7]

In support of his request, Defendant points to the recent Supreme Court decision in *Hughes v. United States*.[8] In *Hughes*, the Supreme Court held that Amendment 782 applied to defendants who had entered into plea agreements under Federal Rule of Criminal Procedure 11(c)(1)(C) and, therefore, they may be eligible for relief under § 3582(c)(2). Defendant's reliance on *Hughes* is misplaced. While Defendant was sentenced pursuant to an agreement under Rule 11(c)(1)(C), there is no amendment to the Guidelines that would entitle Defendant to a sentence reduction, for the reasons stated above.[9] Therefore, Defendant has failed to demonstrate he is entitled to relief under § 3582(c)(2) and the Court must dismiss his Motion for lack of jurisdiction.[10]

## III.  CONCLUSION

It is therefore

ORDERED that Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 191) is DISMISSED FOR LACK OF JURISDICTION.

---

[7] *United States v. Wallace*, No. 2:14-CR-218 CW, 2018 WL 3675246, at *2 (D. Utah Aug. 2, 2018) ("A person sentenced after November 1, 2014 had the benefit of Amendment 782 at the time of sentencing.").

[8] ---U.S.---, 138 S.Ct. 1765 (2018).

[9] The Court notes that it previously denied a request from Defendant for a sentence reduction under § 3582(c)(2) because he had entered into a plea under Rule 11(c)(1)(C). *See* Docket No. 128. However, the Court should have dismissed his earlier request for the same reasons stated herein.

[10] *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating that dismissal for lack of jurisdiction is the appropriate disposition of a § 3582(c)(2) motion).

DATED this 27th day of August, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge