IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JESUS EDUARDO WIRICHAGA-LANDAVAZO,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:14-CR-517 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Jesus Eduardo Wirichaga-Landavazo's Renewed Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

　　　　Defendant was indicted for his involvement in a conspiracy to distribute methamphetamine. His co-defendants indicated that Defendant directed the transportation of a large amount of methamphetamine that was to be delivered to an individual in Ogden, Utah. Another co-defendant indicated that he and Defendant had engaged in a number of similar transactions. Defendant possessed a firearm during some of this conduct. In addition, Defendant illegally reentered that United States after having been previously deported.

　　　　Defendant pleaded guilty to conspiracy to distribute methamphetamine and illegal reentry. The parties agreed to a sentence of 180 months' imprisonment and the government agreed to forego an enhancement under 21 U.S.C. § 851. The Court accepted the parties' proposal and sentenced Defendant accordingly.

This matter is now before the Court on Defendant's Renewed Motion for Compassionate Release. The Court denied Defendant's previous request, finding that Defendant failed to present extraordinary and compelling reasons warranting his release. In his original motion, Defendant argued that his history of tuberculosis placed him at a greater risk of severe illness from COVID-19. However, at that time, the Centers for Disease Control and Prevention did not identify tuberculosis as a condition that elevated COVID-19 risk. Since then, tuberculosis has been added to the list of ailments that may increase the risk for COVID-19, so Defendant has renewed his request. Defendant again argues that his tuberculosis places him at higher risk should be become infected with COVID-19.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

Where, as here, a defendant has fully exhausted their administrative rights,[2] the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[3]

The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[4] Defendant argues that his history of tuberculosis presents an extraordinary and compelling reason to support his request for release because that condition could place him at greater risk of becoming seriously ill from COVID-19. However, Defendant has been offered a COVID-19 vaccination but has declined.[5] There is nothing to suggest that the vaccine is contraindicated for Defendant or that there is some other valid reason for his declination.

A number of courts have found that refusing a COVID-19 vaccine that would mitigate the risks of infection hampers the ability of a movant to demonstrate extraordinary and compelling reason within the meaning of Section 3582(c)(1)(A) when the motion is based on

---

[2] The government has not argued that Defendant has failed to exhaust his administrative remedies, resulting in waiver. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[3] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[4] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

[5] Docket No. 206-2, at 2.

COVID-19 concerns.[6] The Court agrees with these Courts. While Defendant contends that his history of tuberculosis puts him at higher risk should he become infected, he has refused to take basic measures to protect himself against that risk. Moreover, the most recent statistics from the BOP show that only a small number of inmates and staff at Defendant's facility are currently testing positive for COVID-19.[7] Thus, Defendant's risk of infection is low. Based upon these things, the Court concludes that Defendant has failed to present extraordinary and compelling reasons to support his release.

Even assuming Defendant had presented extraordinary and compelling reasons for a sentencing modification, he still must show that a sentence modification is warranted under the 18 U.S.C. § 3553(a) factors.[8] The Court's consideration of the §3553(a) factors leads to the conclusion that release is not appropriate. The offense here was serious. Defendant and his co-defendant were involved the transportation of large amounts of methamphetamine. During the offense conduct, Defendant possessed a firearm. Further, at the time, Defendant was in the United States illegally after having previously been deported. The sentence Defendant received

---

[6] *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (stating that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release"); *United States v. Icker*, No. 22-2486, 2023 WL 1499584 at *2 (3d Cri. Feb. 3, 2023); *United States v. Brownlee*, No. 21-2591, 2022 WL 35404, at *2 (6th Cir. 2022); see also *United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting there is "certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons'" where appellants "had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19").

[7] https://www.bop.gov/coronavirus/covid19_statistics.html, last visited Feb. 17, 2023.

[8] 18 U.S.C. § 3582(c)(1)(A); see also *McGee*, 992 F.3d at 1042.

reflects the seriousness of his conduct and was necessary to promote respect for the law and provide just punishment.

Defendant's history and characteristics also do not support a sentence reduction. He has a prior conviction for similar and conduct. Further, his criminal history includes a conviction for assault and a number of convictions demonstrating a lack of respect for the law, including contempt and failures to appear. Defendant has also incurred disciplinary conduct while serving this sentence. The sentence imposed was and is necessary to promote respect for the law, provide deterrence to this Defendant and others, and to protect the public. Therefore, release is not appropriate under the relevant factors.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Renewed Motion for Compassionate Release (Docket No. 239) and Motion to Appoint Counsel (241) are DENIED.

DATED this 7th day of March, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge